UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARKUS EVANS,

                **Plaintiff,**

           v.                                                                Case No. 17-CV-1133

DAVID CLARKE, et al.,

                **Defendants.**

---

## RECOMMENDATION AND ORDER

---

Markus Evans, who is incarcerated at the Wisconsin Secure Program Facility, is representing himself. He has paid the full filing fee. This action was initially filed in the Western District of Wisconsin but was transferred to this district in August of 2017.

The court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, Evans is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for Evans to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Evans alleges he was detained at the Milwaukee County Jail in March of 2011 and "ended up in a physical altercation with officers Smith and John Does" when they attempted to search his cell. (ECF No. 1 at 2.) As a result he was placed in a restraint bed

and most of his clothes removed. (ECF No. 1 at 2.) He was later returned to his cell but without any clothes, bedding, hygiene items, or personal property. (ECF No. 1 at 2-3.) He was denied the ability to make phone calls, access to recreation, and visitation. (ECF No. 1 at 3.) He alleges he was "confined in an unsanitary cell with his urine and feces" and kept in handcuffs and shackles even when in his cell. (ECF No. 1 at 3.) He was allegedly subject to these conditions from March through May of 2011.

The allegations in Evans's complaint were presented in a prior action Evans filed in 2013. *See Evans v. Clarke*, 13-CV-1046-JPS (E.D. Wis). That action was dismissed without prejudice when Evans moved to dismiss his complaint at the Rule 16 scheduling conference. (ECF No. 19.) Because that prior dismissal was without prejudice, it does not bar this action. Finally, although the complaint relates to events that occurred many years ago, that statute of limitations in Wisconsin for a claim under 42 U.S.C. § 1983 is six years. *Gray v. Lacke*, 885 F.2d 399, 407-409 (7th Cir. 1989); Wis. Stat. § 893.53. Since this action was filed on January 30, 2017, it appears timely.

As defendants, aside from David Clarke, the Milwaukee County Sheriff at the time, Evans refers to "Smith" and "John – Jane Does." Evans describes "Smith" as an "officer at the Milwaukee County Jail Detention facility" and "John and Janes [s] Does" as "officers and supervisors currently employed at Milwaukee County Jail Detention facility." (ECF No. 1 at 1.) He continues, "The defendants are hereby sued in their individual and/or official capacity."

4

The Eighth Amendment proscribes cruel and unusual punishment. However, "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions…. [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 (1977)). Because Evans was detained at the Milwaukee County Jail prior to having been convicted, his claims are assessed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The Due Process Clause provides a pretrial detainee with protections at least as great as those afforded a convicted prisoner under the Eighth Amendment. *Revere*, 463 U.S. at 244. In accordance with 28 U.S.C. § 1915A(b), the court identifies the following cognizable claims in Evans's complaint.

Evans plausibly alleges a violation of the Due Process Clause with respect to his allegation that he was left continuously shackled and handcuffed while in his cell for approximately three months.

> The Due Process Clause of the Fourteenth Amendment prohibits the use of bodily restraints in a manner that serves to punish a pre-trial detainee. *Youngberg v. Romeo*, 457 U.S. 307, 316, 73 L. Ed. 2d 28, 102 S. Ct. 2452 (1982); *Bell v. Wolfish*, 441 U.S. 520, 535-37, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979); *Murphy v. Walker*, 51 F.3d 714, 717-18 (7th Cir. 1995). The use of bodily restraints constitutes punishment in the constitutional sense if their use is not rationally related to a legitimate non-punitive government

5

> purpose or they appear excessive in relation to the purpose they allegedly serve. *Wolfish*, 441 U.S. at 561.

*May v. Sheahan*, 226 F.3d 876, 884 (7th Cir. 2000).

As for Evans's claim that he was denied access to personal hygiene items, denied the opportunity to shower, and kept in an unsanitary cell, these claims plausibly rise to the level of a denial of the "minimal civilized measures of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The court understands Evans to be alleging that these deprivations persisted for three months. Such deprivations of this length may plausibly rise to the level of constitutional violations. *Cf. Cherry v. Berge*, No. 05-C-38-C, 2005 U.S. Dist. LEXIS 9636, at *11-12 (W.D. Wis. May 17, 2005) (comparing *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) and *Antonelli v. Sheahan*, 81 F.3d 1422,1431 (7th Cir. 1996) with *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) and *Lee v. Washington*, 1999 U.S. Dist. LEXIS 14285, No. 97 C 4710, 1999 WL 759609 (N.D. Ill. 1999)).

Finally, the court concludes that Evans has alleged plausible claims with respect to his denial of outside communication, whether it be by phone, mail, or in-person visitation. Evans has a protected First Amendment interest in sending and receiving mail. *Rowe*, 196 F.3d at 782 (citing *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987)). And although visitation may be restricted to serve legitimate, non-punitive interests of the institution, such as ensuring security, *Block v. Rutherford*, 468 U.S. 576, 588 (1984), a ban under the circumstances alleged in the complaint might plausibly violate the Constitution. The same is true with respect to a pretrial detainee's

access to a telephone. *See, e.g., Johnson v. Galli*, 596 F. Supp. 135, 138 (D. Nev. 1984); *Daniels v. Morris Cty. Corr. Facility*, Civil Action No. 06-2460 (DMC), 2006 U.S. Dist. LEXIS 61684, at *13 (D.N.J. Aug. 28, 2006); *see also Martin v. Tyson*, 845 F.2d 1451, 1458 (7th Cir. 1988) (approving limit of one monitored telephone call every other day because it was "reasonably related to a legitimate governmental purpose"); *Arsberry v. Illinois*, 244 F.3d 558, 565 (7th Cir. 2001); *Murphy v. Walker*, 51 F.3d 714, 718 (7th Cir. 1995) (noting that limitations on a pretrial detainee's telephone access might interfere with his right to counsel).

However, the complaint fails to state facts indicating defendant Sheriff Clarke's direct, personal involvement, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has Evans provided any facts showing that the alleged violation of his constitutional rights occurred at Clarke's direction or with his knowledge and consent. *Id.* "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Accordingly, the court will recommend that Clarke be dismissed from this action.

That leaves as defendants a person Evans identifies only as "Smith," "a[n] officer at the Milwaukee County Jail detention facility" and "John and Janes Does" who are "officers and supervisors currently employed at Milwaukee County Jail detention facility." (ECF No. 1 at 1.)

Under the circumstances, the court will serve the complaint and this order on Acting Milwaukee County Sheriff Richard R. Schmidt for the limited purpose of allowing Evans to conduct discovery to identify the unknown defendants. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555-56 (7th Cir. 1996). Sheriff Schmidt need not answer the complaint; he need only respond to any discovery requests from Evans for the purpose of identifying the unknown defendants.

Below, the Court sets a deadline for Evans to conduct discovery limited to identifying the unknown defendants, and another deadline for Evans to file an amended complaint naming them as defendants.

**IT IS RECOMMENDED** that David Clarke be dismissed as a defendant in this action.

**IT IS FURTHER ORDERED** that Evans may conduct discovery for the limited purpose of identifying the unknown defendants in this action. The deadline for completing this discovery is **January 31, 2018**.

**IT IS FURTHER ORDERED** that Evans shall file an amended complaint naming the defendants involved in his claims by **February 19, 2018**.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the institution where Evans is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Evans shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If Evans is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court further advises Evans that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Civ. P. 72(a) and (b)(2) whereby written objections to any order or recommendation herein or part thereof may be filed within fourteen days of the date of service of this

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

recommendation and order. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 28th day of November, 2017.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

10