# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARKUS EVANS,**

        **Plaintiff,**

    v.                              Case No. 17-CV-1133

**DAVID CLARKE, et al.,**

        **Defendants.**

## SCREENING ORDER

Plaintiff Markus Evans, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983. On November 28, 2017, after finding that Evans had stated a claim of a violation of his due process rights as a pretrial detainee, the court entered a recommendation and order recommending the dismissal of a named defendant and giving Evans an opportunity to conduct discovery for the limited purpose of identifying the unknown defendants. (ECF No. 17.) Evans filed an amended complaint on January 30, 2018 (ECF No. 20) and refiled the same complaint on February 16, 2018 (ECF No. 21), correcting the name of a defendant.

Federal Rule of Civil Procedure 15(a) allows a party to amend its compliant "once as a matter of course" without leave of the court. The amended complaint takes

the place of a prior complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In light of Evans having filed an amended complaint, the court's recommendation and order regarding his original complaint is no longer applicable. Accordingly, the court will vacate its recommendation and order and screen Evans's amended complaint.

*Screening of the Amended Complaint*

The court is required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state

law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Evans alleges that in March of 2011, as a detainee at the Milwaukee County Jail (MCJ), "Officer Calvin Smith along with several other officers approved [his] cell for a cell search." (ECF No. 21 at 2.) Evans eventually agreed to exit his cell for the search. (*Id*.) But while doing so he and "Smith and several other officers" engaged in a physical altercation. (*Id*.) The altercation ended with Evans having his clothing "cut off" and Evans being "placed on a restraint bed with only his underwear and socks for approximately 4 hours." (*Id*.)

Evans was returned to his cell without any clothes, bedding, personal hygiene and dental care products, or personal property. (*Id*.) He was not allowed to send or receive mail, to have visitation, to make phone calls, or to have out of cell recreation. (*Id*.) Evans alleges that he was "confined in an unsanitary cell with his urine and feces," resulting in the need for medical treatment. (*Id*. at 3.) He was allegedly subjected to these conditions from March through May of 2011. (*Id*.)

Evans seeks compensatory and punitive damages.

3

*Analysis*

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). A complaint must state facts indicating the direct, personal involvement of the named defendants, or provide facts showing that the alleged violation occurred at the defendants' direction or with their knowledge and consent. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

To state a claim, Evans must specify who is responsible for allegedly violating his rights. Of the twenty-nine defendants he names in his caption, the only persons he asserts that had any direct involvement with him, and thus that had any direct involvement in violating his constitutional rights, are "Officer Calvin Smith and several other officers[.]" The court cannot assume which of the officers Evans has listed in his caption were among the "several other officers" that purportedly violated his rights.

Evans also alleges that he was "confined in unsanitary" conditions, but he does not allege that he told any particular defendant or defendants of the conditions and they disregarded them, or that any particular defendant was otherwise aware of the conditions and disregarded them. *See Fields v. Smith*, 712 F. Supp. 2d 830, 855 (E.D. Wis. 2010), *supplemented* (July 9, 2010), *aff'd,* 653 F.3d 550 (7th Cir. 2011) ("A finding of deliberate indifference requires evidence 'that the official was aware of the risk and

consciously disregarded it nonetheless.' "); *see also Wilson v. Seiter*, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991) (quoting *LaFaut v. Smith*, 834 F.2d 389, 391 (4th Cir. 1987) ("Whether one characterizes the treatment received by [the prisoner] as inhumane conditions of confinement, failure to attend to his medical needs, or a combination of both, it is appropriate to apply the 'deliberate indifference' standard.").

If Evans would like to proceed, he must file a second amended complaint clarifying his allegations. When writing his second amended complaint, Evans should provide the court with enough facts to answer to the following questions: 1) Who violated his constitutional rights?; and 2) How did each person violate his constitutional rights? Evans's complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice as to what each defendant allegedly did to violate his constitutional rights.

The court is enclosing a copy of its complaint form and instructions. Evans should write the words "SECOND AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—17-CV-1133—in the field for "Case Number." He must list in the caption of the complaint all of the defendants who he believes violated his constitutional rights. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe as to each person he lists as a defendant in the caption what he or she did that he believes violated his constitutional rights. If the space is not enough, he

may use up to five additional sheets of paper (putting page numbers on each additional page) to complete his allegations. The second amended complaint takes the place of the prior complaints and must be complete in itself; Evans cannot simply say, "Look at my amended complaint for further information." *See Duda*, 133 F.3d at 1056-57.

If Evans files a second amended complaint by the deadline below, the court will screen it under 28 U.S.C. §1915A. Failure to file a second amended complaint within this time period may result in dismissal of this action.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the court's Recommendation and Order entered on November 28, 2017 (ECF No. 17) is **VACATED**.

The court further **ORDERS** that on or before **May 7, 2018**, Evans shall file a second amended complaint curing the defects in the amended complaint as described herein.

Dated at Milwaukee, Wisconsin this 6th day of April, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge