# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARKUS EVANS,
        Plaintiff,

v.                                                    Case No. 17-CV-1133

ABIE DOUGLAS, *et al.*,
        Defendants.

## ORDER

Plaintiff Markus Evans is proceeding on claims against seven defendants involving his treatment as a pretrial detainee from March 28, 2011, through May 30, 2011. On June 11, 2019, I ordered the parties to complete discovery by August 1, 2019, and to file dispositive motions by September 3, 2019. Docket No. 59. The plaintiff has filed several motions that I will address in this order.

### I. MOTION TO APPOINT COUNSEL

On July 25, 2019, the plaintiff moved for the appointment of counsel. Docket No. 61. He asserts that counsel is warranted in this case because the facts and issues are complex, testimony from a medical expert will be necessary, he has a limited ability to investigate because he is on indefinite administrative confinement, his view of the facts will differ from the defendants', and he in indigent and lacks legal training. *Id.* at 2–4.

In a civil case, I have the discretion to recruit counsel for individuals unable to afford counsel. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and

able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising this discretion, I must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish et al.,* 923 F.3d 486, 490 (7th Cir. 2019), (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first element, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. *Pickett*, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. *Id.* The court should also consider how well the plaintiff articulated his case to the prospective lawyer. *Id.* Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. *Id.* But,

2

where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." *Id.*

When considering the second element, I "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. A court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. I "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

The plaintiff has submitted letters from three attorneys or law firms denying his request for legal assistance. He therefore satisfies the first element.

But he has not satisfied the second element. The plaintiff sued numerous defendants in this case, and I allowed his claims against seven of those defendants to proceed. The facts and law are not as complicated as the plaintiff makes them out to be. He alleges that defendants cut off his clothes and placed him on a restraint bed for four hours, later returned him to his cell naked and still in restraints, and denied him bedding or covers, personal hygiene times, and water. He alleges that other defendants approved his improper treatment and the improper use of handcuffs, which injured his wrists. He

does not assert a claim of inadequate medical treatment, so a medical expert's testimony likely will not be necessary.

Moreover, the plaintiff's filings through this case have demonstrated his ability to comprehend the issues involved and to articulate his arguments in his filings. He explains that he has received assistance from another inmate at a different facility, but that circumstance also is not unique to this plaintiff or this lawsuit. The plaintiff's filings and motion do not demonstrate that he lacks the competence to proceed in this lawsuit at this time without the assistance of counsel.

The prospect of responding to the defendants' lengthy summary-judgment filings may be daunting, but that challenge exists in every lawsuit, not just ones filed by indigent prisoners. As noted, every indigent defendant who lacks legal training could use the assistance of counsel, so that this plaintiff is in that boat does not alone warrant appointment of counsel. Nor does his assertion that his view of the facts will differ from the defendants'. That difference of opinion is part of nearly every lawsuit. If the plaintiff is correct that material differences exist, and these differences are supported by facts and evidence, then summary judgment likely will be denied. If that occurs, and if the case proceeds to mediation or trial, I may revisit the plaintiff's request for counsel.

## II. MOTION TO COMPEL AND FOR SANCTIONS

The plaintiff moves to compel the defendants to produce certain items of discovery. Docket No. 69. He asserts that the defendants electronically filed the discovery documents but then purposefully mailed them to the wrong address to prevent the plaintiff from receiving them. *Id.* at 2. The plaintiff has been sending his legal papers to an inmate at another facility for assistance in this case. *Id.* He asserts that the delay caused by the

defendants' mis-mailing hindered his legal assistance from the other inmate. *Id.* He also asserts that he did not receive a notice of his deposition until three or four days before the deposition was to occur, which he contends is not reasonable notice. *Id.* at 4–5. The plaintiff asserts that the defendants refused to respond to interrogatories he sent on July 10, 2019, because discovery in this case closed on August 1, 2019. *Id.* at 5–6. The plaintiff contends that the defendants could have returned his interrogatories by August 15, 2019, because dispositive motions were not due until September 1, 2019. *Id.* at 5. The plaintiff requests that the defendants be sanctioned for their behavior. *Id.* at 7.

The defendants respond that they returned the plaintiff's July 10, 2019, interrogatories because they were submitted too late to allow the defendants to respond adequately by the August 1, 2019, discovery deadline. Docket No. 73 at 2. They contend that the plaintiff's earlier interrogatories violated the limit of 25 in Fed. R. Civ. P. 33(a)(1) because he served them on each of the seven represented defendants. *Id.* at 3. Counsel for the defendants advised the plaintiff to limit the interrogatories addressed to all defendants to conform with the rules. *Id.* The defendants also swear that any mail sent to the wrong address "was clerical oversight and was never done intentionally." *Id.*

Civil Local Rule 37 requires parties to first attempt to work out a discovery dispute informally, amongst themselves, before involving the court. If that is unsuccessful, a party may file a motion to compel, but the motion must include a certification that efforts to informally resolve the dispute failed. This rule exists because parties are often able to reach an agreement before involving the court, which saves both the parties and the court time and resources.

The plaintiff does not certify that he attempted to resolve the discovery disputes with the defendants. But the defendants note that they attempted to assist the plaintiff with complying with certain rules. The plaintiff also admits that he filed his final interrogatories in mid-July 2019, too close in time for the defendants to respond by the August 1, 2019, deadline. His suggestion that the defendants could have simply responded by mid-August is inapposite. The deadline for discovery was August 1, 2019. The defendants had no obligation to extend that deadline, and in effect reduce their time to prepare their motion for summary judgment, simply because the plaintiff filed late interrogatory requests.

Moreover, the plaintiff signed his motion to compel three weeks after the discovery deadline had expired. If the discovery issues were on-going, as he contends, he could have filed his motion to compel during the window of time for discovery. The plaintiff also alleges that the defendants' actions hindered him from preparing a motion for summary judgment, yet he never requested additional time to prepare that motion based on the defendants' conduct. He instead filed this motion, days before dispositive motions were originally due, alleging issues with discovery since it began in December 2018.

The plaintiff has not shown how the defendants' actions, whether intentional or unintentional, have prejudiced his prosecution in this case. He does not provide a basis on which to grant his motion to compel or for sanctions. His motion will be denied.

### III. MOTION TO STRIKE

The plaintiff also moves to strike the defendants' proposed findings of fact. He asserts the defendants maliciously filed unnecessarily lengthy proposed findings of fact to "over burden" him. Docket No. 94. He points to certain paragraphs in the defendants'

filing that he says have nothing to do with the specific incident at issue in this case. *Id.* at 3. Some of the paragraphs in question, numbered 72 through 208, detail Evans's history as an inmate. Docket No. 81 at 15–38. Others, numbered 427 through 454, discuss events that occurred after May 30, 2011, and detail why Evans no longer was kept in restraints. *Id.* at 82–86.

Under Civ. L. R. 56 I have discretion with regard to the requirements of this rule. Although the expansive background in paragraphs 72 to 208 is verbose, it is intended to provide context for the incidents at question in the second amended complaint. Each paragraph also cites to a declaration or exhibit in support. None of these paragraphs is immaterial or unrelated to the events at question in this case. Similarly, the paragraphs discussing Evans's behavior and treatment after May 30, 2011, are perhaps more detailed than necessary but are not unrelated to the events at issue. I will therefore deny the plaintiff's motion to strike.

I will, however, allow the plaintiff to limit his response to the defendants' proposed findings of fact to those paragraphs that discuss a *material* fact. As the plaintiff notes, paragraphs 209 through 426 discuss events during the relevant time period from the second amended complaint—March 28, 2011, through May 30, 2011. The plaintiff must respond to each of these paragraphs in accordance with Fed. R. Civ. P. 56(c) and Civ. L.R. 56(a) and (b)(2)(B). The plaintiff may, but need not, respond to any paragraph outside of this range, or he may file a general denial to those paragraphs. If the plaintiff believes any fact outside of paragraphs 209 through 426 contains a material fact, he must oppose it in accordance with these rules. Any material fact to which the plaintiff does not

respond will be deemed admitted for purposes of deciding the defendants' motion. Civil L.R. 56(b)(4).

## IV. MOTION FOR STAY

The plaintiff also seeks a stay of the deadline for his response to summary judgment. Docket No. 95. Rather than granting a stay, I will allow the plaintiff additional time to file his response. The deadline for the plaintiff to file his response to the defendants' motion for summary judgment will be extended by thirty days, from November 25, 2019, to December 26, 2019.

## V. MOTION TO FILE RESTRICTED MATERIALS UNDER SEAL

Last, the defendants moved to file certain documents, namely the plaintiff's medical records, under seal, in accordance with Gen. L.R. 79(d). Docket No. 79. For good cause shown, and because the plaintiff does not oppose the motion, the defendants' motion to file the restricted materials under seal will be granted.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the plaintiff's motion to appoint counsel (Docket No. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel and for sanctions (Docket No. 69) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike (Docket No. 94) is **DENIED**. The plaintiff must respond to the defendants' proposed findings of fact paragraphs 209 through 426 but may choose not to respond to the others.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay the deadline for his response to the defendants' motion for summary judgment (Docket No. 95) is **DENIED**,

but I will allow the plaintiff additional time to file his response to the defendants' motion for summary judgment. The plaintiff shall file his response, and all relevant materials, **by December 26, 2019**.

**IT IS FURTHER ORDERED** that the defendants' unopposed motion to file restricted materials under seal (Docket No. 79) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2019

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge